USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/4/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
:
LA DOLCE VITA FINE DINING COMPANY :
LIMITED and LA DOLCE VITA FINE DINING :
GROUP HOLDINGS LIMITED, :
: 1:19-mc-00536 (ALC)
Petitioners, :
: **ORDER**
-against- :
:
ZHANG LAN, ET AL., :
:
Respondents. :
---------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

The Court is in receipt of Respondents' and Petitioners' letters dated February 26, 2020, concerning Respondents' objections to Petitioners' proposed protective order. *See* ECF Nos. 48-49; *see also* ECF No. 47. In particular, Respondents object to Paragraph 7, which provides that confidential information obtained in this action can be used in related proceedings between the parties in numerous jurisdictions. Having carefully considered the Parties' arguments, the Court will not include such a provision in the Protective Order.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a party may move for a protective order during the course of discovery. Fed. R. Civ. P. 26(c). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* In support of their proposed protective order, Petitioner rely on three cases from courts within this Circuit, where the district courts permitted provisions in protective orders allowing the parties to use confidential information disclosed in discovery in related cases. *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, 192 F. Supp. 3d 400, 406-07 (S.D.N.Y. 2016) ("Particularly where, as here, two lawsuits have been filed by the

same plaintiff, in the same court, on the same legal theories, against two defendants who already share the same counsel, it is difficult to imagine what non-tactical objection [Plaintiff] could have to the prospect of those defendants sharing discovery as well."); *Charter Oak Fire Ins. Co. v. Electrolux Home Products, Inc.*, 287 F.R.D. 130, 134 (E.D.N.Y. 2012) ("In this case, there is a compelling and extraordinary need to share these common discovery materials with counsel for the same plaintiff in other related litigations against [Defendant], especially in the absence of any discernible prejudice to [Defendant]."); *Devlin v. Trans. Commc'ns. Int'l. Union*, Nos. 95 Civ. 0752, 95 Civ. 10838, 2000 WL 2817324, at *7-*8 (S.D.N.Y. Jan. 14, 2000) (allowing "any confidential information disclosed in discovery [to] be used solely for purposes of this litigation or any related pending or potential litigation[,]" including a pending action in Maryland). These cases are distinguishable in so far as the related cases did not involve foreign proceedings, as they do here. Further, in the two most recent actions, the related cases appear to involve the same counsel. By contrast, here, counsel for Respondents does not represent Respondents in any other related actions or proceedings. *See* ECF 48.

The Court finds that good cause does not exist to include the Paragraph 7 and, as such, will enter a protective order without its inclusion.

**SO ORDERED.**

**Dated:    March 4, 2020**
    **New York, New York**

                                              _____
                                              **ANDREW L. CARTER, JR.**
                                              **United States District Judge**