USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LA DOLCE VITA FINE DINING COMPANY
LIMITED and LA DOLCE VITA FINE DINING
GROUP HOLDINGS LIMITED,

                       Petitioners,

- against -

ZHANG LAN, GRAND LAN HOLDINGS GROUP
(BVI) LIMITED, and QIAO JIANG LAN
DEVELOPMENT LIMITED f/k/a SOUTH BEAUTY
DEVELOPMENT LIMITED,

                       Respondents.

---

Case No. 19 Misc. 536 (ALC)

AMENDED
PROTECTIVE ORDER

      WHEREAS, the Court finds that good cause exists for the issuance of a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of non-public and sensitive information that the parties to this action (the "Parties," and each individually, a "Party") or non-parties to this action may need to disclose in connection with discovery in this action;

      IT IS HEREBY ORDERED that the Parties, their respective officers, agents, directors, employees and attorneys, and all other persons and entities with actual notice of this Order shall adhere to the following terms governing any party's or non-party's disclosure of confidential or sensitive documents and information:

      1.     With respect to "Discovery Material" – i.e., documents or information of any kind produced or disclosed in the course of discovery in this action – that a Party or non-party has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted under this Order.

2. The Party or person producing or disclosing Discovery Material (the "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) Previously non-disclosed financial information (including but not limited to profitability reports or estimates, percentage fees, design fees, royalty rates, sales reports and sale margins);

(b) Previously non-disclosed information relating to clients or customers, including but not limited to clients' accounts, assets, addresses and affiliations;

(c) Previously non-disclosed information relating to auctions of artworks or otherwise to the sale, purchase, transfer or assignment of artworks or other assets;

(d) Previously non-disclosed material relating to the ownership or control of any non-public company;

(e) Previously non-disclosed business plans or marketing plans;

(f) Any information of a personal or intimate nature regarding any individual; or

(g) Any other category of information given confidential status by this Court after the date of this Order.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case

the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or control as directed by the Producing Party or its counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.  If at any time before the conclusion of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without any such designation, the Producing Party may so designate such material by notifying all Parties in writing. All persons and entities subject to this Order shall thereafter treat such designated portion(s) of the Discovery Material as Confidential. The Producing Party shall within three business days after giving such notice provide all other Parties with replacement versions of the Discovery Material in question that bear the "Confidential" designation.

6.  Nothing contained in this Order shall be construed as: (a) a waiver by a Party or non-party of his, her or its right to object to any discovery request or subpoena; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony or other evidence.

7.  When a Producing Party has designated Discovery Material as Confidential, other Parties and non-parties subject to this Order may disclose such information only to the following persons:

(a)  The Parties to this proceeding (including any appeals hereto);

(b) The insurers of any of the Parties involved in this proceeding, and counsel to such insurers;

(c) Counsel retained specifically for this proceeding, including any paralegal, clerk or other assistant whom outside counsel employs and assigns to the matter;

(d) Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this proceeding;

(e) Any mediator or arbitrator whom the Parties engage in this matter or whom this Court appoints, provided that that person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

(f) As to any document, its author, its addressee, and any other person indicated on the face of the document as having previously received a copy of the document;

(g) Any witness who a Party's counsel believes in good faith may be called to testify at trial or a deposition in this proceeding, provided that that person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

(h) Any person whom a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this proceeding, provided that that person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

(i) Stenographers engaged to transcribe depositions that the Parties conduct in this proceeding; and

(j) This Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in the subparagraphs of paragraph 7 who is not either (a) a Party to this action, (b) counsel retained specifically for this action, or (c) an individual who fits the description in subparagraphs 7(c), 7(f) and 7(i)-(j) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement, in the form annexed as Exhibit A, stating that he or she has read this Order and agrees to be bound by its terms. Counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before the person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. This Order binds the Parties and non-parties subject to this Order to treat as Confidential any Discovery Materials so classified. The Order does not, however, make any finding regarding the confidentiality of any Discovery Materials, and the Court retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential under this Order.

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions or other papers that contain such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 6.C of the Court's Individual Practices, any Party that seeks to file Confidential Discovery Material under seal must first obtain leave of the Court to do so, and any sealing request must include the Party's proposed redactions. If leave to file under seal is granted, the Party must also file redacted copies of the document(s) in question with the Clerk of the Court.

11. Any Party that objects to a designation of confidentiality may at any time before the trial of this action serve the Producing Party's counsel with a written notice specifying the grounds for the objection. If the Producing Party and the objecting party cannot reach an agreement regarding the objection, then counsel for the affected parties will address their dispute with the Court in accordance with Rule 2.A of the Court's Individual Practices.

12. Any Party or non-party that requests additional limits on disclosure (such as "attorneys' eyes only" designations in extraordinary circumstances) may at any time before trial serve the recipient Parties' counsel with a written notice specifying the grounds for the request. If the parties cannot reach an agreement on the request, the affected parties' counsel will address their dispute with the Court in accordance with Rule 2.A of the Court's Individual Practices.

13. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this proceeding and any appeals herein, and not for any other purpose or in any other litigation or other judicial or arbitral proceeding. Nothing contained in this Order, however, shall affect or restrict a Party's or non-party's rights with respect to its own documents or information produced or disclosed in this action.

14. Nothing in this Order shall prevent any Party or non-party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that any such Party must first, if legally permissible, give written notice to the Producing Party as soon as reasonably possible and, if permitted by the time allowed under the disclosure request, at least ten days before any disclosure. Upon receiving such notice, the Producing Party shall bear the burden of opposing compliance with the

subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Within 60 days of the final disposition of this action or the actions listed in paragraph 7(a), whichever is later, including all appeals thereof, all recipients of Confidential Discovery Material must either return it (including all copies thereof) to the Producing Party or, upon permission of the Producing Party, destroy such material (including all copies thereof). In either event, by the 60-day deadline, the recipient must certify its return or destruction of Confidential Discovery Material by submitting a written certification to the Producing Party affirming that the recipient has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the Parties' attorneys in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material will remain subject to this Order.

17. This Order shall survive the conclusion of this action and shall continue to be binding upon all Parties and all non-parties that are subject to this Order and to whom Confidential Discovery Material is produced or disclosed.

18. This Court shall retain jurisdiction over all persons and entities subject to this Order to the extent necessary to enforce any obligations arising under the Order or to impose sanctions for any violation of the Order.

SO ORDERED.

Dated: New York, New York
March 6, 2020

_____
ANDREW L. CARTER, JR.
United States District Judge